HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

QUINCY DOUGLAS,

        Plaintiff,

v.

PIERCE COUNTY MEDICAL DEPT., et. al,

        Defendants.

CASE NO. C17-6005 RBL

ORDER GRANTING IFP APPLICATION AND DENYING COURT-APPOINTED COUNSEL

THIS MATTER is before the Court on Plaintiff Qunicy Douglas' motion for leave to proceed *in forma pauperis* and on his application for court-appointed counsel [Dkt. #1].

## I. *IN FORMA PAUPERIS* APPLICATION

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). A court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

First, Douglas is unemployed and indicates his only income is in the form of minimal public assistance. He avers that he has no savings, property, or cash on hand. He has made the requisite showing of indigency. Second, Douglas sues Pierce County Medical Department for allegedly denying him medical care for his broken hand. On its face, his complaint does not appear to be frivolous or without merit. Accordingly, his motion to proceed *in forma pauperis* [Dkt. #1] is **GRANTED**.

## II. COURT-APPOINTED COUNSEL

Douglas also requests that the Court appoint counsel to represent him in this case. In exceptional circumstances, the Court may ask an attorney to represent any person unable to afford counsel under 28 U.S.C. § 1915(e)(1). *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the Court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). While the Court grants Douglas' motion to proceed *in forma pauperis*, it cannot be said that he has shown a likelihood of success on the merits of his claim. Additionally, Douglas has clearly articulated his claims *pro se* in his proposed complaint. Douglas' application for court-appointed counsel is **DENIED**. Douglas may wish to consult the *Pro Se Guide To Filing Your Lawsuit in Federal Court* available at http://www.wawd.uscourts.gov/court-forms.

IT IS SO ORDERED.

Dated this 11th day of December, 2017.

Ronald B. Leighton
United States District Judge